# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 50313 | **DATE** | 2/7/2013 |
| **CASE TITLE** | Hollander vs. Bauknight | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, defendant's motion to dismiss is granted. This matter is dismissed because issue preclusion bars exercising personal jurisdiction over defendant. Defendant's request for sanctions is denied without prejudice. Plaintiff's pending motion for summary judgment [6] is denied as moot.

*/s/ Philip G. Reinhard*

ElectronicNotices.

■ [ For further details see text below.]

## STATEMENT - OPINION

Plaintiff, Jacquelyne Hollander, brought this action in state court against defendant, Russell Bauknight, in his capacity both as personal representative of the Estate of James Brown and as trustee of the James Brown Irrevocable Trust. Defendant removed the matter to this court based on diversity jurisdiction. Subject-matter jurisdiction is proper under 28 U.S.C. § 1332 (a) (1) because plaintiff is a citizen of Illinois, decedent, James Brown, was a citizen of South Carolina at the time of his death, Bauknight is a citizen of South Carolina and the amount in controversy exceeds $75,000. Defendant moves to dismiss.

Plaintiff previously prosecuted an action on the same claims against the same parties (the Estate and Bauknight, as trustee) in case number 09 C 5234 in the Eastern Division of the United States District Court for the Northern District of Illinois. Judge Gettleman dismissed that case for lack of personal jurisdiction over the defendants by order dated October 15, 2009. No appeal was taken from the order of dismissal.

A dismissal for lack of jurisdiction precludes relitigation, in a subsequent proceeding, of the issue actually decided, namely the jurisdictional issue. Aaron v. Mahl, 550 F.3d 659, 665, n.5 (7th Cir. 2008). Lack of personal jurisdiction over the Estate and defendant as trustee was decided in 09 C 5234. Plaintiff did not appeal that decision. It is binding, by virtue of issue preclusion, on plaintiff in all subsequent proceedings. Accordingly, this matter must be dismissed.

Defendant raises in his motion to dismiss the issue of sanctioning plaintiff's counsel for unreasonable and vexatious multiplication of proceedings. If defendant wishes to pursue sanctions, he should file a separate motion, on or before March 8, 2013, to present his argument.

For the foregoing reasons, defendant's motion to dismiss is granted. This matter is dismissed because issue preclusion bars exercising personal jurisdiction over defendant. Defendant's request for sanctions is denied without prejudice. Plaintiff's pending motion for summary judgment [6] is denied as moot.