IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| Jacquelyne Hollander, | ) | |
|---|---|---|
| | ) | Case No. 12 C 50313 |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Russell Bauknight, | ) | |
| | ) | Judge Philip G. Reinhard |
| Defendant | ) | |
| | ) | |

## ORDER

For the reasons stated below, defendant's motion for sanctions pursuant to 28 U.S.C. § 1927 is granted. The amount of $20,675.15 is awarded in favor of defendant and against Mr. Rosen.

## STATEMENT - OPINION

Defendant, Russell Bauknight, (personal representative of the Estate of James Brown and trustee of the James Brown Irrevocable Trust) moves for sanctions against plaintiff's counsel, Donald Rosen, pursuant to 28 U.S.C. § 1927, which provides that an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The court dismissed the underlying action based on issue preclusion because plaintiff had previously prosecuted the same claims against the same parties in a prior proceeding in the Eastern Division of the United States District Court for the Northern District of Illinois (09 C 5234) and that action had been dismissed for lack of personal jurisdiction.

A "court has discretion to impose §1927 sanctions when an attorney has acted in an objectively unreasonable manner by engaging in serious and studied disregard for the orderly process of justice; pursued a claim that is without plausible legal or factual basis and lacking in justification; or pursued a path that a reasonably careful attorney would have known after appropriate inquiry, to be unsound." Jolly Group, Ltd. v. Medline Industries, Inc., 435 F.3d 717, 720 (7th Cir. 2006) (internal quotation marks and citations omitted).

On October 15, 2009, Judge Gettleman dismissed plaintiff's action on the same claims against the same parties for lack of personal jurisdiction. Judge Gettleman had previously dismissed, on August 18, 2009, the same claims against the prior trustees of the James Brown Irrevocable Trust and the Estate of James Brown in case No. 09 C 2147. That dismissal was also for lack of personal jurisdiction. Three years later, Mr. Rosen filed suit based on the same claims against the same parties yet again. In dismissing these claims, this court citing Aaron v. Mahl, 550 F.3d 659 (7th Cir. 2008), noted that the prior dismissal by Judge Gettleman for lack of personal jurisdiction precluded relitigation of that issue in this case. A "reasonably careful attorney" would have known, based on having had the case he previously brought dismissed for lack of personal jurisdiction over the defendants for lack of minimum contacts in Illinois and,

having not appealed that dismissal, that an action in Illinois against the same parties for the same claims was foreclosed by virtue of the final determination of Judge Gettleman in the prior case that defendants lacked sufficient contacts to be subject to suit in Illinois.

Mr. Rosen argues he was justified in bringing the present action because he learned new facts that established defendant had sufficient contacts with Illinois to support personal jurisdiction. However, these facts (that plaintiff maintained business discussions with James Brown about their partnership even after plaintiff had move to Illinois) were not new to plaintiff. She knew them at the time the 2009 suits were brought. She simply did not tell Mr. Rosen about them at that time. Mr. Rosen had no justification for bringing a new action after a final determination of lack of personal jurisdiction had been made.

Mr. Rosen contends defendant must show he acted in bad faith in order to recover under Section 1927. However, he acknowledges in his brief, citing Olson v. Reynolds, 484 Fed. Appx. 61, 2012 WL 2403519 (7th Cir. 2012) that "bad faith" in the Section 1927 context is defined as including conduct "a reasonably careful attorney would know to be unsound." Id. at ** 3. As noted above, bringing this action after the dismissals by Judge Gettleman, was conduct a reasonably careful attorney would know to be unsound. The "bad faith" standard of Section 1927 is met.

Mr. Rosen also argues he should not be subject to Section 1927 sanctions because he brought this action in state court and defendant removed it. He maintains Illinois Supreme Court Rule 137 should provide the standard by which his conduct is judged. However, he clearly prosecuted this case in federal court after its removal including opposing the motion to dismiss. His conduct subjects him to the application of Section 1927 sanctions in the court's discretion. Mr. Rosen asks that the court deem his actions to be good advocacy on behalf of his client and use its discretion to deny defendant's requested sanctions. While the court does not doubt the sincerity of Mr. Rosen's claim that his efforts were guided by a desire to attain the result he believed his client was entitled to, his decision to bring and continue to contest the current action was woefully misguided and unsound in light of the prior dismissal. The court believes its discretion is best exercised in this case by ordering sanctions against Mr. Rosen.

Mr. Rosen does not advance any objection to the amounts claimed for attorney fees and costs by defendant. The court has reviewed the declaration of Attorney Gold and does not find the amounts claimed to be unreasonable. Accordingly, the court awards the amount of $20,675.15 in favor of defendant and against Mr. Rosen as amounts reasonably incurred by defendant on account of Mr. Rosen's unsound conduct in this action.

For the foregoing reasons, defendant's motion for sanctions pursuant to 28 U.S.C. § 1927 is granted. The amount of $20,675.15 is awarded in favor of defendant and against Mr. Rosen.

Date: 8/01/2013              ENTER:

*Philip G. Reinhard*
United States District Court Judge

Electronic Notices.     (cjr)